**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN PAUL CASBAR,

      Petitioner,               Civil No. 2:09-CV-12915
                                    HONORABLE NANCY G. EDMUNDS
v.                                UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

      Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Steven Paul Casbar, ("petitioner"), presently confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a); and being a recidivist criminal sexual conduct offender, M.C.L.A. 750.520f. For the reasons stated below, petitioner's application for writ of habeas corpus is **DENIED.** The Court will also deny petitioner's motion for the appointment of counsel.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> The 45-year-old defendant was convicted of sexually assaulting his live-in girlfriend's 12-year-old daughter over a one-month period in the summer of 2005. The charged incidents occurred in the family home when the victim's

1

mother was at work and her siblings were asleep. The victim, age 13 at the time of trial, testified that defendant inappropriately touched her breast and buttocks more than once but less than ten times. According to the victim, defendant told her "to keep this [their] little secret." The victim stated that the first incident occurred when she went in defendant's bedroom to say goodnight and, as she hugged him, he moved his hand over her breasts and buttocks over her clothing. The victim stated that, on another occasion, defendant tried to pull down her pajama pants, indicating that he "just want [ed] to take a little peek." The victim recalled another incident when defendant picked her up, placed her on his bed, and asked in a "sexual manner" "if [she] wanted to have a little fun." She declined, indicating that she was tired. In the fall or winter of 2005, the victim told a classmate what defendant had done. The classmate testified that she told her own mother, but nothing was done. The victim indicated that "at one point," defendant moved out and the victim's mother briefly dated another man. The victim subsequently learned that defendant would be moving back in and that defendant and her mother had wed. In early 2006, the victim told a different classmate about the incidents. The classmate testified that she encouraged the victim to disclose the incidents to an adult. The victim testified that, at the urging of her friend, she told her counselor about the incidents in February 2006.

The defense theory was that the victim fabricated the allegations because she did not like defendant, was jealous of how much time her mother spent with him, and did not support her mother's marriage to him. On cross-examination, the victim admitted that she argued with defendant and her mother about her poor performance in school, yelled and threw things at her mother on one occasion, and that defendant had confronted her about her behavior. On redirect examination, the victim indicated that although she disliked some of her mother's other partners, [1] she had not accused any of them of sexual assault.

*************************************************************************************

A police lieutenant, formerly a detective in a sex crimes and child abuse unit, testified that in March 1990, she investigated a CSC matter involving defendant. The two sexual assault complainants were defendant's three-year-old stepdaughter, over whom he had legal guardianship, and defendant's then live-in girlfriend's seven-year-old son. As part of the investigation, the lieutenant interviewed defendant and the two children. In the first interview with defendant, he denied touching the children. In a second interview, defendant admitted touching his stepdaughter's vagina

---

[1] The victim's mother had been married about five other times and had boyfriends in between her husbands. (Footnote original).

"two different times." He stated that while he was bathing his stepdaughter, she touched her vagina and then he touched her vagina for about 30 seconds. The lieutenant indicated that defendant's description of the second incident was nearly identical to the first. Defendant stated that while he was bathing his stepdaughter, she began rubbing her vagina and, in turn, he touched her vagina between the lips for about 30 seconds. He stopped because he knew it was wrong, and he did not do it again. Defendant restated these admissions in a written statement. Charges were brought against defendant, but were subsequently dismissed after a district court ruled that the three-year-old child was too young to testify. With regard to the seven-year-old boy, defendant admitted that he slept in a bed with the boy during an out-of-town trip and that the boy was not wearing any underwear, only a T-shirt. Defendant stated that he was lying next to the boy, woke up during the night because the bed was shaking, and observed the boy masturbating himself. The lieutenant testified that defendant was charged with and pleaded guilty to second-degree CSC. A certified copy of the judgment of sentence was admitted as an exhibit at trial.

*People v. Casbar,* No. 280647, * 1-2 (Mich.Ct.App. January 20, 2009).

Petitioner's conviction was affirmed on appeal. *Id;, lv. den.* 483 Mich. 1119, 768 N.W.2d 84 (2009)(Kelly and Cavanagh, JJ. would grant leave to appeal).

Petitioner seeks a writ of habeas corpus on the following grounds. For the purpose of judicial clarity, the Court will paraphrase petitioner's claims rather than recite them verbatim:

I. The admission of petitioner's prior sexual assaults into evidence violated the Confrontation Clause of the United States Constitution as well as M.R.E. 410. Counsel was ineffective for failing to object to the admission of petitioner's prior no-contest plea conviction as a violation of M.R.E. 410.

II. Whether the admission of petitioner's prior sexual assaults against children pursuant to M.C.L.A. 768.27a was unfairly prejudicial and violated M.R.E. 404(b).

III. Whether petitioner's presentence investigation report needs to be corrected.

### III.  Discussion

**A.  The motion for the appointment of counsel.**

Petitioner has filed a motion for the appointment of counsel.

The Court will deny the motion for the appointment of counsel.  There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).  "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).  If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788.  The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Petitioner has filed a petition for writ of habeas corpus, in which he raises three

claims for relief. Petitioner has also attached to his habeas application his brief on his direct appeal to the Michigan Court of Appeals, which was prepared by counsel. The Court is willing to incorporate the arguments raised in these appellate court pleadings as part of petitioner's application for writ of habeas corpus. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2 (E.D. Mich. 2004). Petitioner therefore has the means to present his claims. The motion for the appointment of counsel is denied.

**B. Claims # 1 and # 2. The admissibility of petitioner's prior sexual misconduct at petitioner's trial.**

The Court will consolidate petitioner's first and second claims for judicial clarity. Petitioner claims that the trial court erred in permitting testimony concerning uncharged sexual incidents involving his stepdaughter and his former girlfriend's son.

Petitioner's primary constitutional challenge is that the admission of this evidence violated his right of confrontation.

The Michigan Court of Appeals rejected petitioner's claim, ruling that the Confrontation Clause argument lacked merit because the prosecutor did not use the testimonial statements of the previous victims. Instead, the prosecutor used petitioner's own statements to the police, to establish that petitioner had sexually assaulted children in the past. Because petitioner's statements made to the police were admissible under M.R.E. 801(d)(2) as admissions by a party-opponent, the Confrontation Clause was not implicated. *Casbar,* Slip. Op. at * 4.

Out of court statements that are testimonial in nature are barred by the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness, regardless of whether such

statements are deemed reliable by the court. *See Crawford v. Washington,* 541 U.S. 36 (2004). Petitioner's statements to the police, however, are not testimonial hearsay, because they are admissions by a party-opponent. These statements are, by definition, not hearsay under either Federal Rule of Evidence 801(d)(2)(A) or Michigan Rule of Evidence 801(d)(2)(A). Because the prohibition announced in *Crawford* only applies to hearsay, that prohibition does not cover petitioner's own admissions to the police. *See United States v. Tolliver*, 454 F.3d 660, 665 (7th Cir. 2006); *See also Miller v. Stovall,* 573 F. Supp. 2d 964, 997 (E.D. Mich. 2008).

Petitioner next contends that the trial court erred in admitting into evidence testimony that petitioner pleaded no-contest to his prior second-degree criminal sexual conduct conviction, because evidence of no-contest pleas are inadmissible pursuant to M.R.E. 410.

Respondent contends that this portion of petitioner's claim is procedurally defaulted, because petitioner failed to object to the admission of his plea of no-contest at trial. Petitioner contends that his trial counsel was ineffective for failing to object. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claim, it would be easier to consider the merits of the claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors

6

in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000); *See also Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

A state court's ruling on the admissibility of evidence pursuant to Rule 410 is non-congizable on federal habeas review. *See Frazier v. Mitchell*, 188 F. Supp. 2d 798, 831 (N.D. Ohio 2001); *aff'd in part and rev'd in part on other grds,* 343 F. 3d 780 (6th Cir. 2003). Moreover, a harmless error standard of review is applied to violations of Rule 410 regarding the inadmissibility of pleas, plea discussions, and related statements at trial. *See U.S. v. Acosta-Ballardo*, 8 F. 3d 1532, 1536 (10th Cir. 1993). For purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). As the Michigan Court of Appeals indicated in rejecting petitioner's claim, the admission of petitioner's prior no-contest plea was harmless, in light of the fact that the victim provided detailed testimony regarding the charged sexual assaults, two witnesses testified that the victim had informed them about petitioner's sexual misconduct on different occasions. and petitioner admitted that he had touched his three-year-old daughter's vagina on two different occasions. *Casbar,* Slip. Op. at * 4. In light of the additional evidence against petitioner, the admission of his prior no-contest plea in violation of M.R.E. 410 was harmless error at worst.

The Court will reject petitioner's related ineffective assistance of counsel claim. To prevail on his ineffective assistance of counsel claim, petitioner must show that the state

court's conclusion regarding his claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

In rejecting petitioner's ineffective assistance of counsel claim, the Michigan Court of Appeals concluded that given the admissible evidence against petitioner, petitioner was unable to show that there would have been a reasonable probability that, but for counsel's failure to object to evidence of the prior conviction on M.R.E. 410 grounds, that the jury's verdict would have been different. *Casbar,* Slip. Op. at * 5.

"[T]he prejudice question, for purposes of an ineffective assistance of counsel claim, 'is essentially the same inquiry as made in a harmless-error analysis.'" *Johnson v. Renico,* 314 F. Supp. 2d 700, 711 (E.D. Mich. 2004). Given that the admission of petitioner's prior no-contest plea was harmless error at worst, petitioner is unable to show that he was prejudiced by counsel's failure to object to the admission of this prior conviction into evidence. Petitioner is not entitled to habeas relief, because the Michigan courts' rejection of his ineffective assistance of counsel claim constituted a reasonable application of *Strickland. See Pearl v. Cason,* 219 F. Supp. 2d 820, 829 (E.D. Mich. 2002).

In his second claim, petitioner contends that the admission of his prior sexual assaults were unfairly prejudicial and violated M.R.E. 404(b).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th

Cir. 2007).  The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003).  Morever, appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). Petitioner fails to show that the trial court's admission of this evidence deprived him of his fundamental right to a fair trial or resulted in any other violation of his constitutional rights. Accordingly, petitioner is not entitled to habeas corpus relief with respect to his second claim. *Stephenson,* 280 F. Supp. 2d at 667.

## C.  Claim # 3.  The pre-sentence investigation report claim.

In his final claim, petitioner contends that the pre-sentence investigation report (PSI) incorrectly listed his prior conviction as being for first-degree criminal sexual conduct conviction, when petitioner had actually previously been convicted of second-degree criminal sexual conduct.

In rejecting this claim, the Michigan Court of Appeals noted that both the Evaluation and Plan Section and the Agent's Description of the Offense section of the PSI both accurately stated that petitioner had previously been convicted of second-degree criminal sexual conduct, even if page 6 of the PSI erroneously stated that petitioner's prior conviction was for first-degree criminal sexual conduct. *Casbar,* Slip. Op. at * 5.

Petitioner is not entitled to habeas relief on his claim. There is no federal constitutional right to a pre-sentence investigation and report. *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001)(internal citation omitted). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Id.* Moreover, to the extent that petitioner claims that the contents of the pre-sentence report violated state law, this would be non-cognizable in federal habeas review. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009)(petitioner not entitled to habeas relief on claim involving inaccuracies in pre-sentence information report, because it involved an issue of state law); *Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 123 Fed. Appx. 207 (6th Cir. 2005)(same). Petitioner is not entitled to habeas relief on his third claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 25, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager